IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**STEVEN M. CHAPMAN,**

    Petitioner,

v.                                                                 Civil Action No. **3:22CV780**

**WARDEN, FCC PETERSBURG MEDIUM,**

    Respondent.

**MEMORANDUM OPINION**

Steven M. Chapman, a former member of the U.S. Air Force who is currently serving two life sentences imposed by a court-martial, brings this petition pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence. By Memorandum Opinion and Order entered on November 10, 2022, the Alexandria Court dismissed all but two claims. (ECF Nos. 27, 28.) On December 14, 2022, this case was transferred to the Richmond Division of the United States District Court for the Eastern District of Virginia upon the departure of the Honorable United States District Judge Liam O'Grady. By Memorandum Opinion and Order entered on July 21, 2023, the Court dismissed the remaining two claims because "Chapman did not raise Claims (5) and (6) as a basis for habeas relief," and, in the alternative, the claims were not reviewable because "the military courts have undoubtedly afforded Claims (5) and (6) full and fair consideration." (ECF No. 34, at 7–9.)

The matter is now before the Court on Chapman's Motion for Reconsideration filed on August 11, 2023, that will be construed as a motion under Federal Rule of Civil Procedure 59(e)

("Rule 59(e) Motion," ECF No. 38).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))). The Government has opposed the Rule 59(e) Motion. (ECF No. 39.)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Chapman does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. Chapman, however, asks the Court to "reconsider its ruling on whether the U.S. Army had jurisdiction to court-martial." (ECF No. 38, at 1.) Chapman also argues that he was entitled to a de novo review of his trial by the Army Court of Criminal Appeals, but "[t]here is no proof this happened as there is no detailed ruling from the Army." (*Id.* at 3.) Chapman asks this Court to "reconsider the previous ruling and rule that the Court-martial of Petitioner was and is unconstitutional." (*Id.* at 4.) Thus, the Court construes Chapman to argue that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081 (citations omitted). Chapman, however, fails to demonstrate any

---

[1] The Court employs the pagination assigned to Chapman's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from Chapman's submissions.

clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Rather, he simply rehashes arguments that the Court has already rejected. A "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1 at 127–28 (2d ed. 1995)); *see Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citations omitted) (explaining that Rule 59(e) "gives a district court the chance to 'rectify its own mistakes in the period immediately following' its decision" and does not allow for "new arguments or evidence that the moving party could have raised before the decision issued"). Chapman fails to demonstrate any entitlement to relief on this ground.

Second, Chapman asks the Court to consider allegedly "newly discovered evidence which helps prove ineffective assistance of trial counsel's failure to investigate as well as sentence appropriateness." (ECF No. 38, at 1.) The newly discovered evidence consists of Chapman's own recently administered polygraph. (*Id.* at 4.) Chapman claims that he took the polygraph "in order to prove his innocence of the February 2001 attack on [the victim]," which was his first court-martial. (*Id.*) Although the 2001 court-martial is not the conviction he challenged in his § 2241 Petition, Chapman suggests this Court should consider the polygraph now because he was serving the sentence for the first court-martial when he committed the crimes in 2010 that are the subject of his § 2241 Petition. (*Id.*)[2] The Court fails to discern how his purported innocence of a 2001

---

[2] In his § 2241 Petition, Chapman challenged his conviction and life sentence for premeditated murder—a crime he committed while serving a previously imposed life sentence for burglary, attempted premeditated murder, rape, and forcible sodomy, at the U.S. Disciplinary Barracks at Fort Leavenworth, Kansas.

3

crime has any bearing on his 2010 crimes, subsequent conviction, and resulting life sentence. This is not newly discovered evidence related to his claims in the § 2241 Petition.[3]

In sum, Chapman fails to demonstrate any of the three grounds for Rule 59(e) relief. Accordingly, the Rule 59(e) Motion, (ECF No. 38), will be DENIED.

An appropriate Final Order shall issue.

/s/
John A. Gibney, Jr.
Senior United States District Judge

Date: 14 November 2023
Richmond, Virginia

---

[3] In essence, Chapman attempts to raise an entirely new claim, challenging a different conviction, by way of Rule 59(e) that was not raised in the military courts or in his § 2241 Petition. Chapman fails to demonstrate how this new claim is appropriate to raise in the reconsideration of the denial of his § 2241 Petition. Chapman may not use Rule 59(e) "to raise arguments that could have been raised prior to the issuance of the judgment." *Pac. Ins. Co.*, 148 F.3d at 403

4